ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

M. BRIDGET MINDER
Assistant U.S. Attorney
Arizona State Bar No. 023356
Email: mary.minder@usdoj.gov

PETER SEXTON
Assistant U.S. Attorney
Arizona State Bar No. 011089
Email: peter.sexton@usdoj.gov

Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Timothy Richard Woods,<br><br>　　　　　Defendant. | CR-17-00431-PHX-JJT<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, Timothy Richard Woods, hereby agree to dispose of this matter on the following terms and conditions:

**1.　PLEA**

The defendant will plead guilty to a one-count Information charging the defendant with a violation of 26 United States Code (U.S.C.) § 7201, Tax Evasion, a Class D felony offense.

**2.　MAXIMUM PENALTIES**

　　a.　A violation of 26 U.S.C. § 7201 is punishable by a maximum fine of $250,000 or twice the pecuniary gain or loss (18 U.S.C. § 3571), a maximum term of



imprisonment of five years, or both, and a term of supervised release of three years. A maximum term of probation is five years.

      b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

          (1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

          (2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

          (3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

          (4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

      c. The Court is required to consider the United States Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

**3. STIPULATIONS REGARDING SENTENCING**

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree and stipulate:

      a. <u>Tax Loss</u>. Pursuant to U.S.S.G. §§ 2T1.1 and 2T4.1, for purposes of calculating the Sentencing Guidelines range, the tax loss from the defendant's unlawful conduct is more than $250,000 but less than $550,000.

      b. <u>Restitution</u>. The defendant agrees to pay restitution to the IRS for tax years 2007-2013 in the total amount of $350,237.32. The total amount of restitution consists of the following:

| Year | Tax Due |
|---|---|
| 2007 | $ 86,984.98 |
| 2008 | $ 70,970.00 |
| 2009 | $ 11,077.00 |
| 2010 | $ 83,796.00 |
| 2011 | $ 60,487.00 |
| 2012 | $ 15,495.00 |
| 2013 | $ 21,427.34 |
| Total | $ 350,237.32 |

The defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

c.  Filing of Tax Returns. The defendant shall file federal and state individual income tax returns for tax years 2014 and 2015, and for all tax years thereafter, or enter into closing agreements with federal and state taxing authorities for those years. If necessary, he shall amend his federal and state individual income tax returns for tax years 2007-2013, or enter into closing agreements with federal and state taxing authorities for those years. The defendant shall file or incorporate all related partnership, corporate, or other entity returns, information-based or otherwise, which are associated with or flow into the individual returns required to be filed or amended above, or which are needed for any closing agreements. The defendant agrees to sign any IRS forms deemed necessary by the IRS to enable it to make an evaluation and assessment of any tax filings/closing statements, and nothing in this plea agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties, or interest due from

defendant for the years covered by this plea agreement (2007-2015). All tax filings/closing agreements shall be true and accurate, declare all taxable sources of income, and claim only legitimate and supportable deductions. The defendant shall waive any civil statute of limitation periods that might apply, and shall expressly consent to the waiver of any such bars or limitations imposed by law.

      d.    <u>Assets and Financial Responsibility</u>. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. If requested by the government, the defendant shall complete the government's Standard Financial Disclosure document and any IRS financial disclosure forms (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and truthfully disclose all assets and liabilities. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, if a term of incarceration is imposed, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

**4.**     **RECOMMENDATIONS REGARDING SENTENCING**

      Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend:

      a.    <u>Acceptance of Responsibility</u>. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of

responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

      b.    <u>Low End/Split Sentence</u>. The United States will recommend the low end of the applicable sentencing range, and if a split sentence is available (i.e., Zone C), the government will further recommend that a split sentence be imposed by the Court. This recommendation does not preclude defendant from asking for a sentence below the recommended Guidelines range, or the government from recommending a lower sentence based upon additional factors learned during the sentencing process.

      c.    <u>Non-Binding Recommendations</u>. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

**5.**   **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

      a.    This office shall not prosecute defendant for any additional offenses committed by defendant, reflected in the investigation by the United States, which resulted in the charge in the Information.

      b.    This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**6.**   **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

      a.    If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

      b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States

shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

7. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

8. **DISCLOSURE OF INFORMATION**

a.   The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.  Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.  The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

    (1)  criminal convictions, history of drug abuse, and mental illness; and

    (2)  financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**9.  FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**10.  ELEMENTS**

**Tax Evasion – Evasion of Assessment**
**26 U.S.C. § 7201**

On or about April 15, 2012, in the District of Arizona:

1.  The defendant owed more federal income tax for the calendar year 2011 than was declared due on the defendant's income tax return for that calendar year or paid by the defendant for that calendar year.

2. The defendant knew that more federal income tax was owed.

3. The defendant made an affirmative attempt to evade or defeat such additional tax.

4. In attempting to evade or defeat such additional tax, the defendant acted willfully.

**11.    FACTUAL BASIS**

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

At all times relevant, the defendant was a resident of Phoenix, Arizona. From 2007 through 2013, the defendant evaded approximately $350,237.32 in federal income taxes, as detailed in the following chart:

| Tax Year | Tax Due from Woods | Tax Paid by Woods | Tax Due and Owing |
|---|---|---|---|
| 2007 | $ 119,419.00 | $ 32,434.02 | $ 86,984.98 |
| 2008 | $ 70,970.00 | $ 0.00 | $ 70,970.00 |
| 2009 | $ 11,077.00 | $ 0.00 | $ 11,077.00 |
| 2010 | $ 83,796.00 | $ 0.00 | $ 83,796.00 |
| 2011 | $ 60,487.00 | $ 0.00 | $ 60,487.00 |
| 2012 | $ 15,495.00 | $ 0.00 | $ 15,495.00 |
| 2013 | $ 36,527.00 | $ 15,099.66 | $ 21,427.37 |
| **Tax Due and Owing (2007-2013)** | | | **$ 350,237.32** |

In addition to evading taxes from 2007-2013, the defendant failed to file federal income tax returns for 2014 and 2015. The defendant had gross income in excess of $10,150 in 2014 and $10,300 in 2015 and, therefore, was required to make income tax returns to the IRS each year. To date, the defendant has failed to make income tax returns to the IRS for 2014 and 2015.

## COUNT ONE
## 26 U.S.C. § 7201
### (Tax Evasion – Evasion of Assessment)

During calendar year 2011, defendant TIMOTHY RICHARD WOODS, a resident of Phoenix, Arizona, had and received approximately $206,467 in taxable income. Upon that taxable income, there was owing to the United States of America an income tax of approximately $60,487. Well knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2012, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the approximate income tax owed, the defendant did willfully attempt to evade and defeat the income tax due and owing by him to the United States of American for the calendar year by committing the following affirmative acts of evasion, among others:

(a) For calendar year 2011, the defendant had the companies he owned and controlled pay a large portion of his salary to him directly, sometimes in cash, rather than using the payroll service that he used to pay his employees. By doing so, the defendant ensured that his income was not reported to the IRS, for example on a Form W-2 or Form 1099, and money to pay his federal income taxes was not withheld from his paycheck and turned over to the IRS.

(b) Between April 15, 2012, when the defendant was required to make an income tax return to the IRS for calendar year 2011, and May 28, 2013, when the defendant finally made an income tax return to the IRS for calendar year 2011, the defendant withdrew more than $31,750 in cash from bank accounts he controlled. By doing so, the defendant concealed his income and diverted money that could have been used to pay the taxes due and owing for calendar year 2011, and placed the money beyond the reach of the IRS.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to

additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional

agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

3-3-17
Date

TIMOTHY RICHARD WOODS
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide

effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

3/3/17
Date

*Michael Morrissey*
MICHAEL MORRISSEY
Attorney for Defendants

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

3/27/2017
Date

*Mary Bridget Minder*
M. BRIDGET MINDER
PETER SEXTON
Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

6-19-17
Date

United States District Judge