IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Timothy Richard Woods,<br><br>  Defendant. | No. CR-17-00431-001-PHX-DLR<br><br>**ORDER** |

Pursuant to a plea agreement, Defendant pled guilty to tax evasion. He was sentenced to a below-guideline sentence of five years' probation and, pursuant to his agreement with the Government, was ordered to pay restitution to the Internal Revenue Service ("IRS") in the amount of $350,237.32. Defendant recently settled with the IRS. The IRS accepted $147,163.00, less than the full amount ordered in restitution, as the total payoff and in return the IRS released its liens.

Before the Court is Defendant's Motion to Modify Probation Sentence Pursuant to 18 U.S.C. § 3563(c). (Doc. 30.) Defendant seeks to modify his conditions of probation to have the restitution order dismissed. The motion has been fully briefed and, for the reasons set forth herein, is denied.

Although the IRS was the victim in the case, it was not a party to the plea agreement, which instead is a contract between Defendant and the Government. The restitution order was part of the plea agreement and, as such, was imposed under the

Victim and Witness Protection Act, 18 U.S.C. § 3663(a)(3), as a separate part of his sentence. The victim does not have "the authority to settle, release, satisfy, or otherwise modify a restitution judgment" and "cannot unilaterally extinguish a defendant's obligation to pay by privately settling that restitution order." *United States v. Hankins*, 858 F.3d 1273, 1277 (9th Cir. 2017).

The plea agreement expressly provided, in paragraph seven, that Defendant waived his right to file a motion challenging the restitution order. (Doc. 26.) The right to attack a conviction, including a restitution order, may be waived in a plea agreement. *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016).

Defendant's motion seeks to alter his restitution obligation through a modification of his conditions of probation. Although the conditions of his probation include the requirement to make restitution payments to the IRS, the order of restitution is part of the sentence, not a condition of probation. "A sentence that imposes an order of restitution is a final judgment." 18 U.S.C.§ 3664(o). As noted above, the restitution order, imposed under the Victim and Witness Protection Act was a separate part of his sentence, not a modifiable as a condition of probation. The payment of a specific amount of restitution was a bargained-for term of the plea agreement. Defendant has not shown a change of circumstances that warrants a modification of the judgment.

Attachments to his motion show that Defendant has made a significant payment to the IRS. Defendant shall receive credit for that payment against his ordered restitution. Although his private settlement with the IRS resolves his IRS liens, it does not satisfy the restitution order.

**IT IS ORDERED** that Defendant's Motion to Modify Probation Sentence Pursuant to 18 U.S.C. § 3563(c) (Doc. 30) is **DENIED**.

Dated this 14th day of January, 2021.

Douglas L. Rayes
United States District Judge